FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 06-18733 |
| Elyce J. Cooper | : | Chapter 7 |
| Debtor. | : | |
| Anthony Calascibetta, | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 06-3064 |
| Elyce Cooper | : | |
| Defendant | : | |

**MEMORANDUM OPINION**
**Plaintiff's Motion for Summary Judgment**
**Document #5**

**APPEARANCES**

Charles N. Panzer, Esquire
Sills, Cummis, Epstein & Gross, P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
**Attorney for Plaintiff, Anthony Calascibetta**

Ms. Elyce Cooper
7 Colts Gait lane
Colts Neck, New Jersey 07722
**Pro Se Debtor/Defendant**

**THE HONORABLE KATHRYN C. FERGUSON, USBJ**

On May 7, 2007, this Court took oral argument on a motion for summary judgment by Anthony Calascibetta, Chapter 7 Trustee for Strategic Technologies, Inc. ("STI Trustee"). The Debtor, *pro se*, filed opposition to the motion, and after oral argument the Court reserved decision.

The Supreme Court has established that "summary judgment is appropriate only when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). The party moving for summary judgment has the burden of establishing the nonexistence of any "genuine issues of material fact." Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The Third Circuit has stated that whenever there is even the "slightest doubt regarding the facts of a case, summary judgment should not be granted." Tomalewski v. State Farm Life Ins, Co., 494 F.2d 882, 884 (3d Cir. 1984)

## Undisputed Facts

On December 7, 2006, the STI Trustee filed a one count nondischargeability complaint premised on 11 U.S.C. § 523(a)(2) and (a)(4). The summary judgment motion, however, only addresses 11 U.S.C. § 523(a)(2). The facts supporting this motion begin with the bankruptcy case of Strategic Technologies, Inc. ("STI"). The Debtor's husband, Marc Cooper, was the president and sole shareholder of STI. The STI Trustee filed an adversary proceeding in that bankruptcy case alleging that significant funds had been wrongfully diverted from the corporation to the Coopers' personal use. Ultimately, the Coopers and the STI Trustee entered into a settlement agreement whereby Elyce Cooper and her husband, jointly and severally, agreed to pay the STI Trustee the sum of $515,000. The Coopers did not comply with the terms of the settlement and the Trustee sought to enforce the settlement. The Bankruptcy Court granted the motion to enforce the settlement and the decision was affirmed by the District Court. As a result, on May 11, 2006 the Bankruptcy Court

entered a final judgment against Marc and Elyce Cooper in favor of the STI Trustee in the amount of $465,000.

## Discussion

Section 523(a)(2)(A) provides that the discharge provisions of the Bankruptcy Code do "not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud ...." 11 U.S.C. § 523(a)(2)(A). The STI Trustee contends that the Debtor was the beneficiary of large sums of money as a result of a fraudulent scheme created by her husband, Marc Cooper, that diverted corporate funds. Specifically, he maintains that the Debtor directly benefitted from, among other things, family vacations, use of a Jaguar automobile, and payments towards her homes in Manalapan and Colts Neck. In her opposition, the Debtor acknowledges that she directly benefitted from the Jaguar that was leased for her and the family vacations. She contends, however, that she was a stay at home mom who had no knowledge of her husband's operation of STI.

For summary judgment purposes the Court must accept as true the Debtor's statement that she had no knowledge of her husband's improper activities. Nonetheless, the STI Trustee argues that it is irrelevant whether the Debtor engaged in the fraudulent scheme herself. The STI Trustee notes that the Supreme Court has held that the phrase "to the extent obtained by" in § 523(a)(2)(A) modifies the phrase "money, property, services, or ... credit" and not the phrase "any debt". Cohen v. de la Cruz, 523 U.S. 213, 218-19 (1998). Based on that, the STI Trustee reasons that once it is established that the money at issue was obtained by fraud, any debt flowing from that is excepted from discharge. The STI Trustee cites a passage from In re Denbleyker, 251 B.R. 891 (Bankr. D. Colo. 2000) as further support for his position. The Denbleyker court interpreted the Cohen decision

as standing for the proposition that the phrase "obtained by" in § 523(a)(2)(A) refers only to causation and permits no other inquiry. <u>Denbleyker</u>, 251 B.R. at 897. So the STI Trustee's position is that once it was established in the settlement agreement that the funds were obtained by a fraud perpetrated by Marc Cooper, no further inquiry is required. The nondischargeabilty of the debt in Elyce Cooper's bankruptcy case is a foregone conclusion.

The STI Trustee's argument is facially plausible, based on the portions of the decisions he cites, but it does not stand up when considered in the context of the full opinions. Most significantly, both cases he relies upon involved debtors who had committed the fraud themselves. As a result, the courts were never required to examine whether the identity of the party who committed the fraud was relevant. The <u>Denbleyker</u> court stated that "how" the money or property was obtained is the only relevant inquiry; however, it is clear that both courts assumed that the answer to the question of "who" obtained the money or property was: "the debtor". A sampling of quotes from the cases readily bears that out:

> "The Bankruptcy Code has long prohibited **debtors from discharging liabilities incurred on account of their fraud**, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor'." <u>Cohen v. de la Cruz</u>, 523 U.S. 213, 217 (1998) (emphasis added)
>
> "The most straightforward reading of § 523(a)(2)(A) is that it prevents discharge of "any debt" respecting "money, property, services, or ... credit" that **the debtor has fraudulently obtained**, including treble damages assessed on account of the fraud." <u>Id.</u> (emphasis added)
>
> "The *Cohen* decision implies that § 523(a)(2)(A) prevents the discharge of all liabilities arising from a **debtor's fraud**, *regardless* of whether the plaintiff proves that the debtor benefitted in any way." <u>In re Denbleyker</u>, 251 B.R. 891, 898 (Bankr. D. Colo. 2000) (emphasis added)
>
> "Accordingly, this Court holds that once a plaintiff establishes the elements set forth in *Field v. Mans, supra,* i.e., that **the debtor obtained money or property by fraud**, any debt arising from the fraud is excepted from discharge." <u>Id.</u> at 898-99 (emphasis

4

added)

The Supreme Court's interpretation of § 523(a)(2)(A) in Cohen may have been expansive, but it was not so expansive as to do away with the implicit requirement that the fraud have been committed by the debtor. In fact, this Court has not uncovered a single case in which a § 523(a)(2)(A) action was successful against a debtor that was not a party to the fraud.

The STI Trustee's theory could also lead to absurd results. If a court is directed to look only at the genesis of the funds then any funds initially obtained by fraud are forever tainted, no matter how far removed from the perpetrator of the fraud. No purpose would be served by declaring nondischargeable funds in the hands of an innocent debtor, simply because of the funds provenance. Such a result is not consistent with the driving force behind the Bankruptcy Code: to afford relief to honest but unfortunate debtors. Grogan v. Garner, 498 U.S. 279, 287 (1991).

This understanding of Cohen is apparent in some of the later cases. In In re Groover, 2004 WL 212948 (Bankr. M.D.N.C Jan. 14, 2004) although the court was compelled to deny a motion to dismiss because it had to construe all factual allegations in the complaint as true, the court acknowledged the distinction between an alleged fraud committed by a debtor and his spouse for purposes of § 523(a)(2)(A). In Groover, the debtor-husband was the co-owner of a drywall business and was alleged to have submitted false invoices under his factoring agreement. Despite the debtor-wife's lack of involvement in the business, the plaintiff named both the husband and his wife in the nondischargeability adversary proceeding. On the motion to dismiss the court acknowledged Cohen's broad reading of § 523(a)(2)(A), but noted that it only applied to "liabilities arising from a debtor's fraud." Groover at *5.

Similar to the court in Groover, this Court must view all facts in the light most favorable to

5

the party against whom summary judgment is sought. <u>Tran v. Metropolitan Life Ins. Co.</u>, 408 F.3d 130, 135 (3d Cir. 2005). Therefore, the Court will deny summary judgment because the STI Trustee has not established that the Debtor had any knowledge of or role in her husband's fraudulent activities.

Alternatively, the STI Trustee seeks summary judgment on the ground that in her answer the Debtor either admitted or failed to deny that she received money from Marc Cooper's fraudulent schemes. The Rules provide that allegations in a complaint that are not denied in an answer are deemed admitted. Fed. R. Civ. Pro. 8(d); Fed. R. Bankr.. Pro. 7008. Based on that, some courts have even granted summary judgment. <u>Amalgamated Meat Cutters v. Knouse Foods Co-op, Inc.</u>, 259 F. Supp. 592 (M.D. Pa. 1966). That result is not warranted here because none of the Debtor's admissions directly address her knowledge of or involvement in her husband's fraudulent scheme.

<u>Conclusion</u>

The motion for summary judgment is denied. The Court will enter the standard order. The pre-trial is currently scheduled for July 16, 2007.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: June 26, 2007